PER CURIAM.
¶ 1 DeWayne Knight appeals pro se from a circuit court order denying his WIS. STAT. § 974.06 (2015-16)[1] motion without a hearing. We conclude that the circuit court properly exercised its discretion when it denied Knight's motion without a hearing because trial counsel was not ineffective for failing to object to the jury instruction on armed robbery and to the victim's at-trial identification of Knight. We affirm.
¶ 2 In 2015, we affirmed Knight's convictions for obstructing an officer and two counts of armed robbery. State v. Knight , No. 2014AP2757-CR, unpublished slip op. (WI App Oct. 28, 2015). The pending appeal is taken from Knight's pro se WIS. STAT. § 974.06 motion alleging that trial counsel[2] was ineffective for failing to object to the jury instruction on armed robbery or to the victim's in-court identification of Knight.[3] The circuit court denied the § 974.06 motion without a hearing. In so doing, the court concluded that the armed robbery jury instruction was correct and there was no merit to a claim that the victim's in-court identification would have been suppressed had trial counsel sought such relief.
¶ 3 A circuit court must hold an evidentiary hearing if the WIS. STAT. § 974.06 motion alleges "sufficient facts that, if true, show that the defendant is entitled to relief." State v. Balliette , 2011 WI 79, ¶ 18, 336 Wis. 2d 358, 805 N.W.2d 334. The circuit court properly exercises its discretion if it denies a § 974.06 motion without a hearing when "the record conclusively demonstrates that the defendant is not entitled to relief." State v. Bentley , 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996) (citation omitted); State v. Sulla , 2016 WI 46, ¶ 29, 369 Wis. 2d 225, 880 N.W.2d 659.
¶ 4 To prevail on an ineffective assistance of counsel claim, "a defendant must demonstrate that (1) counsel's representation was deficient; and (2) this deficiency was prejudicial." State v. Maloney , 2005 WI 74, ¶ 14, 281 Wis. 2d 595, 698 N.W.2d 583. Counsel's failure to pursue a meritless claim does not constitute ineffective assistance. State v. Cummings , 199 Wis. 2d 721, 747 n.10, 546 N.W.2d 406 (1996). We need not consider whether trial counsel's performance was deficient if we can resolve the ineffectiveness issue on the ground of lack of prejudice. State v. Sanchez , 201 Wis. 2d 219, 236, 548 N.W.2d 69 (1996).
Jury Instruction for Armed Robbery
¶ 5 The first ineffective assistance claim relates to the jury instruction for armed robbery.[4] In his WIS. STAT. § 974.06 motion, Knight argued that the jury was erroneously instructed regarding the armed robbery count, and his trial counsel should have objected. The circuit court disagreed and concluded that the instruction was appropriate.
¶ 6 The jury was instructed about the five elements of armed robbery by use or threat of use of a dangerous weapon contrary to WIS. STAT. § 943.32(2). WISCONSIN JI-CRIMINAL 1480, which the circuit court used, provided in relevant part that "[a]t the time of the taking or carrying away [of the victim's property with intent to steal], the defendant used or threatened to use a dangerous weapon." As the instruction explained, the defendant need not have "actually display[ed] or possess[ed] a dangerous weapon." The court continued:
It is sufficient if the victim reasonably believed the defendant had a dangerous weapon at the time of the threat. Whether the victim reasonably believed that the defendant was armed with a dangerous weapon is to be determined from the standpoint of the victim at the time of the alleged offense. The standard is what a person of ordinary intelligence and prudence would have believed under the circumstances that existed at that time.
¶ 7 The armed robbery victim identified Knight as the person who pointed a firearm at him and robbed him of his wallet and cell phone. The victim testified that the item Knight brandished looked like a firearm. The victim also testified that he was familiar with firearm types. Evidence adduced at trial suggested that the firearm was actually an air pistol. However, the nature of the weapon Knight brandished does not require a conclusion that the armed robbery jury instruction was erroneous. The jury could have found that the victim reasonably believed that Knight used or threatened to use a dangerous weapon, even if the item Knight brandished was not capable of firing ammunition. The jury instruction was appropriate in light of the evidence adduced at trial, and trial counsel was not ineffective for failing to object.
¶ 8 The record conclusively demonstrates that Knight was not entitled to relief on his ineffective assistance claim arising from the armed robbery jury instruction. See Bentley , 201 Wis. 2d at 309-10. The circuit court properly exercised its discretion when it denied this claim without a hearing.
Victim's Identification of Knight
¶ 9 Knight alleged in his WIS. STAT. § 974.06 motion that his trial counsel was ineffective for not challenging what he alleges was a flawed at-trial identification of him by the armed robbery victim. The circuit court deemed this claim without merit.
¶ 10 The victim failed to identify Knight's photo in a photo array. Knight argues that the victim's ability to see him in two prior court proceedings (the preliminary examination and a probation revocation hearing) was impermissibly suggestive and tainted the victim's at-trial identification of Knight. Knight characterizes the identification of him at trial as akin to a "show up identification."[5] Knight buttresses this argument by noting (1) that prior to trial, the victim viewed a photo array that included Knight's photograph, but the victim identified someone other than Knight as the armed robber; and (2) at neither prior court proceeding was the victim asked to identify Knight as the armed robber. At trial, the victim identified Knight as the armed robber. The victim was cross-examined about the photograph he selected during the photo array and the two prior instances in which the victim saw Knight in court. Knight's closing argument challenged the accuracy of the victim's identification.
¶ 11 Knight argues that his trial counsel was ineffective given the circumstances surrounding the victim's in-court identification. However, Knight cites no authority for the proposition that the rules governing showup identifications, State v. Nawrocki , 2008 WI App 23, 308 Wis. 2d 227, 746 N.W.2d 509, apply to a victim's in-court identification. "The admissibility of an in-court identification following an inadmissible out-of-court identification depends on whether 'the evidence to which the instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " Id. , ¶ 30 (citation omitted).
¶ 12 Nawrocki does not help Knight because Nawrocki was subjected to a showup identification during the investigation of the offenses; Knight was not subjected to such an identification procedure. Knight's case lacks the predicate prior illegal activity that would have potentially tainted the at-trial identification.
¶ 13 That the victim did not identify Knight prior to trial does not render illegal the victim's at-trial identification. The appropriate method to counter the victim's at-trial identification was cross-examination and closing argument.[6] See State v. Ledger , 175 Wis. 2d 116, 131, 499 N.W.2d 198 (Ct. App. 1993). Knight's counsel pursued these avenues to challenge the victim's identification of Knight. It was up to the jury to assess the victim's credibility and the weight of the evidence. State v. Poellinger , 153 Wis. 2d 493, 506, 451 N.W.2d 752 (1990).
¶ 14 In addition, Knight's motion does not persuade us of his apparent view that a victim's encounter with a defendant during pre-trial proceedings creates impermissible suggestiveness or compromises the legality of the victim's at-trial identification.
¶ 15 Knight's WIS. STAT. § 974.06 motion does not establish that the victim's in-court identification should have been barred. Because a motion challenging the victim's identification of Knight would not have succeeded, trial counsel was not ineffective for failing to make that challenge. The record conclusively demonstrates that Knight was not entitled to relief on his ineffective assistance claim arising from the at-trial identification. See Bentley , 201 Wis. 2d at 309-10. The circuit court properly exercised its discretion when it denied this claim without a hearing.
Conclusion
¶ 16 The circuit court properly exercised its discretion when it denied Knight's WIS. STAT. § 974.06 motion without a hearing. The record conclusively demonstrates that Knight was not entitled to relief on his ineffective assistance of counsel claims. See Bentley , 201 Wis. 2d at 309-10.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

To the extent Knight challenges the performance of appellate counsel in his prior direct appeal, State v. Knight , No. 2014AP2757-CR, unpublished slip op. (WI App Oct. 28, 2015), we hold that such a challenge is not properly before this court. In order to make such a challenge, Knight might file a petition for a writ of habeas corpus in this court. State v. Starks , 2013 WI 69, ¶ 35, 349 Wis. 2d 274, 833 N.W.2d 146. Because we conclude that trial counsel was effective with regard to the jury instruction and the victim's at-trial identification, there would be no merit to a habeas petition in this court alleging that appellate counsel was ineffective in relation to the same issues.

The State argues that Knight's claims should be barred under State v. Escalona-Naranjo , 185 Wis. 2d 168, 517 N.W.2d 157 (1994). We need not address this argument because we address Knight's ineffective assistance claims on the merits.

We note that trial counsel did not object to the jury instruction. If the instruction was proper, Knight cannot establish ineffective assistance.

"A 'showup' is an out-of-court pretrial identification procedure in which a suspect is presented singly to a witness for identification purposes." State v. Dubose , 2005 WI 126, ¶ 1 n.1, 285 Wis. 2d 143, 699 N.W.2d 582 (citation omitted).

We observe that other evidence at trial tied Knight to the armed robbery. A cell phone stolen from the victim was found in Knight's pocket. The jury was not required to believe Knight's explanation that he found the cell phone on the ground the day before the victim was robbed of his cell phone.